UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     -against-                         1:05-CR-366
                                         (LEK)

JEFFREY TURNER,

                   Defendant.

## MEMORANDUM-DECISION AND ORDER

Presently before this Court is an omnibus motion by defendant Jeffrey Turner
("Defendant" or "Turner").  Omnibus Motion (Dkt. No. 23).  On August 4, 2005, Turner was
indicted for knowingly possessing a firearm after being convicted of a felony in violation of 18
U.S.C. §§ 922(g)(1) & 924(a)(2).  Indictment (Dkt. No. 12).  On October, 13, 2005, a
superseding indictment was filed against Turner which added a second count for knowingly
possessing ammunition after being convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1)
& 924(a)(2).  Superseding Indictment (Dkt. No. 17).  Turner now moves for several forms of
relief including: (1) suppression of all evidence seized as a result of the search of Defendant's
residence and all derivative evidence seized pursuant to that evidence; (2) suppression of all pre-
trial identification evidence; (3) dismissal of the Indictment pursuant to Rule 12(b)(2) of the
Federal Rules of Criminal Procedure; (4) discovery pursuant to Rule 12(b)(4) and Rule 16 of the
Federal Rules of Criminal Procedure; (5) production of all Brady material; (6) production and
early release of Jencks Act material; and (7) leave to file further motions.  Omnibus Motion (Dkt.
No. 23).

## I.    BACKGROUND

The Indictment against Defendant arises from events taking place on the morning of

November 3, 2004.  Officers of the Albany Police Department responded to 722 Central Avenue, Albany, New York, after receiving a report from Kejay Garland ("Garland") of being threatened with a handgun.  Garland Statement (Dkt. No. 28) at Ex. A.  Garland stated to police that he had gone to Defendant's apartment looking for Garland's former girlfriend, Jacquelyn Evenhouse ("Evenhouse"), after seeing her car parked outside.  Id.  After determining that Evenhouse was in Defendant's apartment and engaging in an argument with her in the doorway of the apartment, Garland reported that Defendant brandished a handgun.  Id.  Garland continued his argument with Evenhouse in his vehicle until Defendant again brandished a handgun.  Id.  Garland then left and called the Albany Police Department.

After calling the police, Garland returned to 722 Central Avenue.  After police arrived, Garland identified Defendant from an alleyway outside Defendant's apartment as the individual who brandished a handgun.  Identification Report (Dkt. No. 28) at Ex. C.  Police then searched Defendant's apartment.  While the Government has produced a written consent to search form allegedly signed by Defendant, see Consent Form (Dkt. No. 28) at Ex. D, Defendant asserts that he did not consent to the search, see Turner Aff. (Dkt. No. 23) at 8.  The search of Defendant's apartment resulted in the police recovering, among other things, a box of Mag Tech .380 ammunition and one magazine loaded with ammunition.  Property Report (Dkt. No. 28) at Ex. E.

The police then interviewed Michael Estes ("Estes"), the resident of the second floor apartment above Defendant.  Estes stated that Defendant, who he knew as "Ha", had earlier on November 3, 2004, given him a black handgun to hide in a safe in Estes' apartment.  Estes Statement (Dkt. No. 28) at Ex. J.  Estes gave the police permission to search his apartment, which resulted in the location of a .380 caliber handgun in Estes' safe.  Consent Form (Dkt. No. 28) at Ex. G; Property Report (Dkt. No. 28) at Ex. H.  Estes identified the handgun as the one

2

previously given to him by Defendant.  Defendant was then arrested and taken into custody.

## II.   DISCUSSION

### A.   Suppression of Evidence Seized from Defendant's Residence

Defendant seeks an order suppressing all evidence seized in the November 3, 2004 search

of his apartment, or in the alternative, an evidentiary hearing to determine the admissibility of

such evidence.  Omnibus Motion (Dkt. No. 23) at 6.

"A defendant does not have a right to a suppression hearing under all circumstances;

instead, the defendant must show that disputed issues of material fact exist before an evidentiary

hearing is required." United States v. Viscioso, 711 F. Supp. 740, 745 (S.D.N.Y. 1989).  "An

evidentiary hearing . . . will be held 'only if the moving papers allege facts with sufficient

definiteness, clarity and specificity to enable the trial court to conclude that relief must be granted

if the facts alleged are proved.'" United States v. Canty, 971 F. Supp. 687, 695 (N.D.N.Y. 1997)

(McAvoy, C.J.) (quoting United States v. Carrion, 463 F.2d 704, 706 (9th Cir. 1972)); see also

United States v. Culotta, 413 F.2d 1343, 1345 (2d Cir. 1969).

In its Response, the Government asserts that the November 3, 2004 search of Defendant's

apartment was conducted pursuant to a signed consent to search given by Defendant.  Gov't

Response (Dkt. No. 28) at 8; Ex. D.  No warrant was obtained by the Albany Police Department

prior to the search.  Id. at 14.  In a signed affidavit dated April 5, 2006, Defendant directly

contradicts the Government's assertion and states that he did not consent to the Albany Police

Department search of his apartment and did not sign any paperwork until after he was under

arrest and the search was complete.  Turner Aff. (Dkt. No. 23) at 8.  Both Turner and the

Government concede that an evidentiary hearing is necessary to develop the material facts

surrounding the search and ensure that the entry, search and seizure of evidence complied with

3

the Fourth Amendment.  Omnibus Motion (Dkt. No. 23) at 12; Gov't Response (Dkt. No. 28) at

14.  Therefore, the Court orders that an evidentiary hearing be held on Wednesday, July 26, 2006

at 10:30A.M. at the James T. Foley Courthouse in Albany, New York.

> **B.**      **Suppression of Pre-Trial Identification Evidence**

Defendant moves to preclude the Government from use of any identification testimony by

Garland due to taint in pre-trial identification procedure, or in the alternative, requests an

evidentiary hearing pursuant to United States v. Wade, 388 U.S. 218 (1967).  Omnibus Motion

(Dkt. No. 23) at 7.  Defendant asserts that Garland's identification of Defendant was a result of a

police show-up that took place well over an hour after the alleged incident, and at a time when

Defendant was in the custody of uniformed police officers.  Id.  Defendant contends that the

police show-up was therefore impermissively suggestive and should be suppressed.  Id.

A criminal defendant has a due process right "not to be the object of suggestive police

identification procedures that create a 'substantial likelihood of irreparable misidentification.'"

Solomon v. Smith, 645 F.2d 1179, 1185 (2d Cir. 1981) (quoting Neil v. Biggers, 409 U.S. 188,

198 (1972)).

In determining the admissibility of a particular identification, the Court must consider

whether (1) the procedure used was impermissibly suggestive and, if so, (2) whether the

identification remains reliable based on the totality of the circumstances.  Solomon, 645 F.2d at

1185.  Reliability of the identification is analyzed by considering the factors outlined in Neil v.

Biggers, 409 U.S. at 199-200.  These factors are:

> (1) the witness's opportunity to observe the criminal at the time of the crime, (2)
> the degree of the witness's attention at the time, (3) the accuracy of the witness's
> initial description of the criminal, (4) the certainty with which the witness first
> identified the suspect, and (5) the time lapse between the crime and the
> identification.

Solomon, 645 F.2d at 1186.  The Supreme Court has noted that the "practice of showing suspects singly to persons for the purpose of identification, and not as part of a lineup, has been widely condemned."  Stovall v. Denno, 388 U.S. 293, 302 (1967).

Upon review of both parties' memoranda, the Court finds that an evidentiary hearing is required to determine whether the identification of Defendant by Garland after the police show-up was impermissibly suggestive and, if so, under the totality of circumstances, whether the identification was nonetheless reliable.  The evidentiary hearing will be held on Wednesday, July 26, 2006 at 10:30A.M. at the James T. Foley Courthouse in Albany, New York in conjunction with Defendant's motion to suppress evidence seized from Defendant's residence.

### C.      Dismissal of the Indictment

Defendant seeks dismissal of the Indictment on numerous grounds.  First, Defendant challenges the Indictment on its face by alleging that: (a) there are defects in the Indictment; (b) the allegations contained in the Indictment fail to give Defendant adequate notice of the specific conduct that he is accused of; and (c) the Indictment is defective in that it does not set forth sufficient factual allegations and circumstances in violation of current Apprendi/Ring/Blakely requirements.  Omnibus Motion (Dkt. No. 23) at 5-6.

"'An indictment is sufficient if it first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'"  United States v. Stolarczyk, No. 97-CR-139, 1997 U.S. Dist. LEXIS 13868, at *2 (N.D.N.Y. Sept. 8, 1997) (Pooler, J.) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).  See also United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998) (quoting United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992)) ("It is well-settled that 'an indictment need do little more than to

track the language of the statute charged and state the time and place (in approximate terms) of

the alleged crime.'"); United States v. Covino, 837 F.2d 65, 69 (2d Cir. 1988).

    In the present case, Counts 1 and 2 of the Superseding Indictment charge that:

        Count 1

        on or about November 3, 2004, in the State and Northern District of New
        York, JEFFREY TURNER . . . having been convicted of a crime punishable by
        imprisonment for a term exceeding one year, did knowingly possess in and
        affecting interstate and foreign commerce the following firearm: a Bryco Jennings
        Model T380, .380 caliber handgun, serial number 1267043.  In violation of Title
        18, United States Code, Sections 922(g)(1) and 924(a)(2).

        Count 2

        on or about November 3, 2004, in the State and Northern District of New
        York, JEFFREY TURNER . . . having been convicted of a crime punishable by
        imprisonment for a term exceeding one year, did knowingly possess in and
        affecting interstate and foreign commerce the following ammunition: One (1) box
        of Mag Tech .380 caliber ammunition containing 36 rounds of ammunition.  In
        violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

Superseding Indictment (Dkt. No. 17).

    The Court finds that both Counts of the Superseding Indictment adhere to the pleading

requirements by tracking the language of the statute and providing Defendant notice of the

specific conduct he is accused of, namely, possessing a .380 caliber handgun and ammunition on

or about November 3, 2004.  Additionally, "[a] motion for lack of specificity will be denied in

the absence of any showing as to prejudice where additional facts may be obtained by a bill or

particulars or discovery." United States v. Elliot, 363 F. Supp. 2d 439, 450 (N.D.N.Y. 2005)

(Sharpe, J.).  Here, the particular acts on which the Government relies in supporting the

Indictment are set forth in the discovery materials that have been provided to Defendant.

    The Defendant also has moved for dismissal of the Indictment by challenging the

evidence presented to the grand jury.  Defendant alleges that: (a) the evidence presented to the

grand jury was insufficient; (b) the evidence presented to the grand jury was obtained in violation of Defendant's constitutional rights; (c) inadmissible hearsay was presented to the grand jury; and (d) the review does not show a credible or sufficient connection between Defendant and the weapon he allegedly possessed.  Omnibus Motion (Dkt. No. 23) at 5-6.

These challenges are to the sufficiency of the evidence to support the Indictment and not to the sufficiency of the Indictment itself.  "It is a well-established rule that an indictment which is valid on its face cannot be challenged on the ground that it was based on inadequate or incompetent evidence." United States v. Allen, 289 F. Supp. 2d 230, 248 (N.D.N.Y. 2003) (Munson, J.) (citing Costello v. United States, 350 U.S. 359, 363 (1956)).  See also Elliot, 363 F. Supp. 2d at 451 ("[I]ndictments are not open to challenge on the ground that they are unsupported by sufficient or competent evidence."); United States v. Kaminski, 97-CR-382, 1998 U.S. Dist. LEXIS 7909, at * 16 (N.D.N.Y. May 27, 1998) (Pooler, J.) (citing United States v. Calandra, 414 U.S. 338, 345 (1974)); United States v. Levine, No. 94-CR-44, 1995 U.S. Dist. LEXIS 1549, at *1 (N.Y.N.D. Feb. 7, 1995) (Scullin, J.) (quoting Costello, 350 U.S. at 363) ("'An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits,' notwithstanding the fact that the grand jury was presented with hearsay evidence.").

Defendant's arguments are clearly misplaced.  The Indictment is valid on its face, and sufficiently apprises Defendant of the nature of the charge against him.  Defendant's argument that the evidence presented to the grand jury is insufficient to warrant conviction should be made to the jury.  Because Defendant fails to point to a deficiency in the Indictment or an abuse of the grand jury process, the Court denies his request to have the Indictment dismissed.

**D.     Discovery and Inspection**

Defendant seeks discovery pursuant to Federal Rule of Criminal Procedure 16.  Omnibus

Motion (Dkt. No. 23) at 7.  Defendant does not indicate in his motion that the Government has

withheld or is continuing to withhold information or items related to discovery in this case.  In its

Response, the Government states that it "has complied with it's discovery obligations as set forth

in Federal Rule of Criminal Procedure 12(b)(4) and 16 and in the Criminal Pre-trial Order."

Gov't Response (Dkt. No. 28) at 14.

In the absence of any indication that the Government has withheld or is withholding any

discovery material relevant to the case, Defendant's motion is denied without prejudice to renew

the motion upon his belief that the Government is not complying with Rule 16.  Moreover, the

prosecution must be "mindful of its continuing obligation to promptly produce additional

discovery should any arise."  Allen, 289 F. Supp. 2d at 236.

**E.     Brady Material**

It is well established that "the prosecution has a constitutional duty to disclose evidence

favorable to an accused when such evidence is material to guilt or punishment."  United States v.

Coppa, 267 F.3d 132, 135 (2d Cir. 2001) (citing Brady v. Maryland, 373 U.S. 83, 87 (1963)).

Such evidence "includes not only evidence that is exculpatory, . . . but also evidence that is

useful for impeachment."  United States v. Avellino, 136 F.3d 249, 255 (2d Cir. 1998) (citing

Giglio v. United States, 405 U.S. 150, 154-55 (1972) and Napue v. Illinois, 360 U.S. 264, 269

(1959)).  The prosecution need not provide Brady material immediately; instead, "as long as a

defendant possesses Brady evidence in time for its effective use, the government has not

deprived the defendant of due process of law simply because it did not provide the evidence

sooner."  Coppa, 267 F.3d at 144.

The Court will not now issue an order requiring the United States to disclose <u>Brady</u> material because the duty is one which, as the United States has recognized, is independent. The burden to produce exculpatory materials to Turner is on the United States, and no order of this Court is necessary to ensure that. The Government's representation that it will abide by its duty is sufficient. <u>See</u> <u>United States v. Jennings</u>, 5-98-CR-418, 1998 U.S. Dist. LEXIS 19380, at *8 (N.D.N.Y. Dec. 8, 1998) (McAvoy, C.J.).

Accordingly, since Defendant has not demonstrated nor alleged any evidence of improper behavior on the Government's part in either producing or withholding exculpatory matter, and since the Government has acknowledged its duty under <u>Brady</u>, <u>see</u> Gov't Response (Dkt. No. 28) at 14, this Court denies the motion for compelling production of <u>Brady</u> material.

### F.      Early Release of Jencks Material

The Jencks Act, 18 U.S.C. § 3500, does not require disclosure of statements of Government witnesses until such time as they testify at trial. However, Defendant requests that this Court act within its discretion to accelerate the time of disclosure. Omnibus Motion (Dkt. No. 23) at 8. The Jencks Act provides:

> [i]n any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

18 U.S.C. § 3500(a).

"The Jencks Act clearly limits a district court's power to order pretrial disclosure of witness statements that are not covered by <u>Brady</u> or <u>Giglio</u>." <u>United States v. Santoro</u>, 03 Cr. 484, 2004 U.S. Dist. LEXIS 20899, at *7 (S.D.N.Y. Oct. 19, 2004) (citing <u>Coppa</u>, 267 F.3d at 146). "It is the normal practice in the Northern District to require Jencks Act material to be

handed over after the jury is selected for trial." <u>Jennings</u>, 1998 U.S. Dist. LEXIS 19380, at *8.

Accordingly, the Court denies Defendant's request for early disclosure of Jencks Act material, and orders the Government to disclose such material at the commencement of the trial. If additional time is reasonably required to review the Jencks Act material for a particular witness, the Government shall disclose that material sufficiently in advance of the witness' testimony so as to avoid any delay at trial.

### G.    Leave to Make Additional Motions

Defendant requests that he be allowed to make further motions as a result of the receipt of additional information or evidence provided by the Government that requires further motions or hearings.  The Court grants Defendant permission, upon good cause shown, to make further motions in advance of trial.  The Court will not, however, "accept additional motions that rehash the issues presented in the current omnibus motion and will not grant leave to make additional motions based on information and legal arguments which could have been brought through the exercise of due diligence as part of the motions before the Court today." <u>Jennings</u>, 1998 U.S. Dist. LEXIS 19380, at *20.  The Court will exercise discretion in determining the validity of any future motions.

## III.    CONCLUSION

Accordingly, it is hereby

ORDERED that Defendant's request for an evidentiary hearing to determine the admissibility of tangible and derivative evidence resulting from the November 3, 2004 search of Defendant's residence is **GRANTED**; and it is further

ORDERED that Defendant's request for an evidentiary hearing to determine the admissibility of pre-trial identification evidence is **GRANTED**; and it is further

ORDERED that an evidentiary hearing will be held on all of the aforementioned issues on **Wednesday, July 26, 2006 at 10:30A.M.** at the James T. Foley Courthouse in Albany, New York; and it is further

ORDERED that Defendant's motion for dismissal of the Indictment is **DENIED**; and it is further

ORDERED that Defendant's motion for discovery pursuant to Federal Rule of Criminal Procedure 16 is **DENIED** without prejudice and with leave to renew if it appears that the Government has not satisfied its obligations; and it is further

ORDERED that Defendant's request for an order requiring the United States to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), is **DENIED**; and it is further

ORDERED that Defendant's request for early disclosure of Jencks Act materials is **DENIED**, and the Government is directed to produce Jencks Act material at the trial's commencement; and it is further

ORDERED that Defendant's request for leave to make additional motions is **GRANTED** provided that good cause is shown; and it is further

ORDERED that the Clerk of the Court shall serve copies of this Order.

IT IS SO ORDERED.

DATED:　　　June 28, 2006
　　　　　　Albany, New York


Lawrence E. Kahn
U.S. District Judge